UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL NO.: 15-cr-49 (VAB) |
| v. : | |
| : | |
| GAUNTLETT SMITH : | |

**RULING AND ORDER ON MOTION TO REDUCE SENTENCE**

Gauntlett Smith ("Defendant"), acting *pro se*, has moved the Court to reduce his term of imprisonment under 18 U.S.C. § 3582(c)(2). Mot., ECF. No. 46. For the reasons that follow, the motion is **DENIED**.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

On October 15, 2015, Mr. Smith plead guilty to possession of marijuana with intent to distribute, in violation of 21 U.S.C. §§ 841 (a)(1) and 841(b)(1)(D), and with possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i). Plea Agr. at 1, ECF No. 34. At the plea hearing, the Court provided Mr. Smith an opportunity, in open court, to be heard and to make objections and arguments about his intention to plead guilty and his criminal prosecution, more broadly. ECF No. 33.

Mr. Smith's guilty plea was memorialized in a plea agreement, filed with the Court on October 15, 2017. *See generally* Plea Agr. As part of the plea agreement, Mr. Smith stipulated to certain facts relevant to his criminal prosecution, namely:

   1. On February 19, 2015, law enforcement officials searched the third floor apartment at 89 Irving Street, Hartford, Connecticut.
   2. The defendant had a key to the building as well as the third floor apartment. The defendant kept a room within the third floor apartment where he stored items related to his ongoing drug trafficking activities. Investigators recovered from the defendant's room a 9mm Kel Tee, Model P-11, loaded with 10 rounds, approximately 15 pounds of marijuana, a Jamaican

1

passport, a key which fit the front door lock and a key that
　　　　　　opened the bedroom door.
　　　3.　The defendant's relevant conduct involves at least five but
　　　　　　less than ten kilograms of marijuana.
　　　4.　The defendant kept the firearm in furtherance of his drug
　　　　　　trafficking. The firearm was stolen from North Carolina.

Plea Agr. at 4, 10.

　　　The plea agreement further provides that, regarding the charge of possession of marijuana with intent to distribute, the stipulated drug quantity that forms the basis of the offense yielded a base offense level of 12.[1] Plea Agr. at 4; *see also* U.S.S.G. § 2D1.1(c)(14).

　　　Mr. Smith also waived his right to appeal his sentence provided certain conditions were met. The plea agreement provides that Mr. Smith

> will not appeal or collaterally attack in any proceeding . . . the conviction or sentence of imprisonment imposed by the Court if that sentence does not exceed 74 months' imprisonment, a four year term of supervised release, a $200 special assessment, and a $20,000 fine, even if the Court imposes such a sentence based on an analysis different than that specified [in the Plea Agreement].

*Id.* at 5. Mr. Smith acknowledged that he knowingly and intelligently waved his appeal rights. *Id.* at 5, 7.

　　　Mr. Smith also waived his right to challenge the plea agreement based on immigration consequences. In relevant part, the plea agreement states:

> The defendant understands that pleading guilty may have consequences with respect to his immigration status . . . . [B]ecause the defendant is pleading guilty to Possession of Marijuana with Intent to Distribute and Possession of a Firearm in Furtherance of a Narcotics Trafficking Offense, removal is presumptively mandatory. . . . The defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail . . . . [T]defendant waives any and all challenges to his guilty plea and to his sentence based

---

[1] While the central issue here is the base offense level, the Court recognizes that, under U.S.S.G. § 3E1.1, two levels were subtracted from the base offense level for acceptance of responsibility, resulting in a total offense level of 10. Plea Agr. at 4.

> on those consequences, and agrees not to . . . file a direct appeal or any kind of collateral attack challenging his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction or sentence, based on the immigration consequences of his guilty plea, conviction and sentence.

*Id.* at 7.

On January 27, 2016, the Court provided Mr. Smith an opportunity, in open court, to be heard and to make objections to and arguments regarding the Presentence Report ("PSR") and the factual findings included within it. ECF No. 42. Mr. Smith was sentenced to 68 months' imprisonment, followed by 24 months of supervised release. Judgmt. at 1, ECF No. 43. The Court also ordered Mr. Smith to pay a special assessment in the sum of $200. *Id.* at 3. The Court did not order Mr. Smith to pay a fine. *Id.* Mr. Smith is currently serving his term of imprisonment.

On August 18, 2016, Mr. Smith moved the Court to reduce his sentence under 18 U.S.C. § 3582(c)(2). ECF No. 46.

## II. STANDARD OF REVIEW

Under Section 3582(c)(2) of title 18 of the United States Code, "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" may move for a reduction in his sentence. The statute establishes a two-step analysis. *Dillon v. United States*, 560 U.S. 817, 826–27 (2010).

> At step one, the court must consider whether the defendant is eligible for a reduction by calculating the Guidelines range that would have been applicable had the amended Guidelines been in place at the time the defendant originally was sentenced. At step two . . . a court [must] consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction is warranted in whole or in part under the particular circumstances of the case.

*United States v. Bethea*, 735 F.3d 86, 87 (2d Cir. 2013) (internal quotation marks and citations omitted); *accord.* U.S.S.G. § 1B1.10(b)(1).

## III.    DISCUSSION

### A.  18 U.S.C. § 3582

#### 1.  Waiver

Mr. Smith contends that, under Amendment 782 to the Sentencing Guidelines, he is entitled to have his base offense level retroactively reduced by two levels. Mot. at 1.[2] Mr. Smith's argument fails at the threshold because he has waived his right to challenge the term of his sentence, by implication and by the terms of the plea agreement.

First, at the time of sentencing, under Fed. R. Crim. P. 32(i)(4)(A), the Court provided Mr. Smith with an opportunity to object to the factual findings in the Presentence Report, and he failed to do so. *See* Fed. R. Crim. P. 32(i)(4)(A) (providing that a court must "provide the defendant's attorney an opportunity to speak on the defendant's behalf [and] address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence."). As a result, the Court adopted the PSR as its findings of fact.

It is well settled that the purpose of Fed. R. Crim. P. 32(c)(3), which requires disclosure of the PSR with an opportunity to point out inaccuracies, was precisely to avoid what Mr. Smith here now seeks. *United States v. Plisek*, 657 F.2d 920, 925 (7th Cir. 1981) (citing *United States v. Leonard*, 589 F.2d 470, 471–72 (9th Cir. 1979)). None of the issues raised by Mr. Smith were raised at the time of his sentencing and have therefore been waived. *See id.* ("The defendant had a full and fair opportunity to comment on the presentence report[] . . . . He failed to do so, and has thereby waived any objection to the accuracy of the report.").

---

[2] The Court notes that the U.S. Office of Probation responded through a supplement to the Presentence Report. ECF No. 47. The Government took no part in the Court deciding this motion.

The Court calculated Mr. Smith's Sentencing Guidelines calculations, based on the findings of the fact in the PSR, and provided an opportunity for Mr. Smith to raise any objections or note any corrections to be made to the Court's Sentencing Guidelines calculations. Mr. Smith neither raised an objection nor noted any corrections required to the Court's Sentencing Guidelines calculations. Thus, any arguments Mr. Smith now makes about the Sentencing Guideline calculations have also been waived. *See id.*

Second, and just as importantly, in the plea agreement, Mr. Smith waived his right and agreed not to attack or challenge his conviction or term of imprisonment in "any proceeding," if it did not exceed a term of imprisonment of more than 74 months. Plea Agr. at 5. The Court sentenced Mr. Smith to a term of imprisonment of 68 months. Judgmt. at 1. In all other respects, too, Mr. Smith's sentence is sufficient to form the basis of a waiver, consistent with the terms of the plea agreement. Mr. Smith, therefore, waived his right to challenge his current sentence. *See United States v. Woltmann*, 610 F.3d 37, 40 (2d Cir. 2010) ("Ordinarily, appeal waivers are enforced-and for good reason." (citing *United States v. Morgan,* 386 F.3d 376, 380 (2d Cir.2004) (explaining that voiding waivers "would render the plea bargaining process and the resulting agreement meaningless" (internal quotation marks omitted)); *United States v. Gomez-Perez,* 215 F.3d 315, 318 (2d Cir. 2000) ("[T]he benefits of such waivers inure to both government and the defendant alike, with the government receiving the benefit of reduced litigation, and the defendant receiving some certainty with respect to his liability and punishment."); *United States v. Yemitan,* 70 F.3d 746, 747–48 (2d Cir.1995) ("If this waiver does not preclude a challenge to the sentence as unlawful, then the covenant not to appeal becomes meaningless and would cease to have value as a bargaining chip in the hands of defendants.")).

### 2. Amendment 782

Despite these clear and enforceable waivers, the Court nonetheless addresses Mr. Smith's argument and finds it to be without merit. "Amendment 782 reduced by two levels the offense levels assigned to the quantities that trigger the statutory minimum penalties under § 2D1.1." Amendment to the Sentencing Guidelines 1 (U.S. Sentencing Comm'n, July 18, 2014) [hereinafter Amend. 782], *available at* https://tinyurl.com/amend782. Mr. Smith pled guilty to possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841. Under the plea agreement, the parties agreed that the drug quantity at issue was at least five kilograms but less than ten kilograms of marijuana. Plea Agr. at 4. At this quantity, 21 U.S.C. § 841 does not provide for a mandatory minimum. *See* 21 U.S.C. § 841(b)(1)(D) ("In the case of less than 50 kilograms of marihuana, . . . such person shall . . . be sentenced to a term of imprisonment of not more than 5 years."). In fact, because the statute provides a statutory ceiling, it does exactly the opposite of setting a mandatory minimum sentence. The two-level reduction in base offense level under Amendment 782 is, therefore, not available to Mr. Smith. *See Dillon*, 560 U.S. at 825–26 ("It is also notable that [18 U.S.C. § 3582(c)(2)] applies only to a limited class of prisoners— namely, those whose sentence was based on a sentencing range subsequently lowered by the Commission."); *accord.* U.S.S.G. § 1B1.10(a)(2)(B); *id.* at Commentary n.1(A).

Possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i), does carry a mandatory minimum sentence of five years. Section 924(c)(1)(A), however, applies to "any person who, during and in relation to any . . . drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm . . . ." As a sentencing enhancement relating to possession of a firearm during and in relation to a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A) operates independently from

Amendment 782, which, by its terms, applies to "drug quantities that trigger the statutory mandatory minimum penalties in [U.S.S.G.] § 2D1.1." Amend. 782 at 1; *see also* Plea Agr. at 5 ("Possession of a Firearm in Furtherance of a Drug Trafficking Crime[] carries a mandatory term of imprisonment of five years that must be imposed to run consecutively to any other sentence.").

Even had Mr. Smith not knowingly and intelligently waived his right to challenge the term of his sentence, a reduction in Mr. Smith's sentence is not authorized under 18 U.S.C. § 3582(c)(2) because Amendment 782 does not lower the applicable guideline range.

### B. EARLY DISPOSITION

In his motion, Mr. Smith makes a separate, seemingly unrelated argument that he was not informed of his eligibility for a "Fast-Track" reduction of his sentence, presumably under U.S.S.G. § 5K3.1. Mr. Smith contends that this amounts to taking a plea without being informed of a consequence of conviction relating to his immigration status. This argument is also without merit.

"[E]arly disposition programs may be authorized by the Attorney General of the United States and the United States Attorney in certain districts facing a large number of cases in a certain [criminal] category when failure to adopt such a program would strain prosecutorial and judicial resources." *United States v. Gomez Espinal*, No. 3:08 CR 173 EBB, 2009 WL 2983168, at *1 (D. Conn. Sept. 14, 2009). Consistent with this policy, the Sentencing Manual provides that "[u]pon motion of the Government, the court may depart downward not more than 4 levels pursuant to an early disposition program . . . for the district in which the court resides." U.S.S.G § 5K3.1.

Connecticut has no such program. Neither the Court nor counsel could advise Mr. Smith of an early disposition program because, in this District, there is no such program of which to advise him.

To the extent that Mr. Smith, under the cover of a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2), now seeks to collaterally challenge his conviction on account of immigration consequences, Mr. Smith duly waived his right to challenge his sentence based on immigration consequences flowing from his conviction. Plea Agr. at 7; *see also Woltmann*, 610 F.3d at 40 ("Ordinarily, appeal waivers are enforced-and for good reason.").

## IV. CONCLUSION

For the foregoing reasons, the motion is **DENIED**.

**SO ORDERED** at Bridgeport, Connecticut, this 23rd day of October, 2017.

                                                   /s/ Victor A. Bolden
                                                 VICTOR A. BOLDEN
                                                 UNITED STATES DISTRICT JUDGE